**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-0471 |
| | § | |
| $30,000.00 US CURRENCY and | § | |
| $5,000.00 US CURRENCY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

In this forfeiture case, claimants Damon Irby and Tracy McFarlin filed a motion to set aside the default judgment and motion for new trial, (Docket Entry No. 18), following this court's entry of a default judgment against the forfeited property, (Docket Entry No. 15).  The motion is denied for the reasons set out below and in this court's memorandum and order of July 24, 2012, (Docket Entry No. 15).

**I.     Rule 59**

Irby and McFarlin filed their motion alternatively under Federal Rules of Civil Procedure 59 and 60.  At the outset, this court notes that the claimants style their motion as one seeking a new trial under Rule 59(a).  (Docket Entry No. 18, at 1).  There was no trial in this case.  Instead, the court considers the claimants' motion as one to alter or amend the judgment under Rule 59(e).  *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Geske v. Wells Fargo Bank, N.A.*, Civ. A. No. 2012 WL 2217036, *1 (N.D. Tex. June 15, 2012).

A Rule 59(e) motion "'calls into question the correctness of a judgment.'"  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d

571, 581 (5th Cir. 2002)).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not

be used to relitigate old matters, or to raise arguments or present evidence that could have been

raised prior to the entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)

(quoting 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE

AND PROCEDURE § 2810.1, at 127–28 (2d ed. 1995)).  "[A] motion to alter or amend the judgment

under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly

discovered evidence and cannot be used to raise arguments which could, and should, have been

made before the judgment issued."  *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419

(5th Cir. 2010) (alteration in original) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th

Cir. 2003)) (internal quotation marks omitted).  "A party seeking reconsideration must show more

than disagreement with the court's decision and recapitulation of the same cases and arguments

already considered by the court."  *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, No. Civ. A.

98–2293, 1999 WL 539548, at *1 (E.D. La. July 26, 1999) (citing *Plaskon Elec. Materials, Inc. v.

Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *see also Joe v. Minn. Life Ins. Co.*,

272 F. Supp. 2d 603, 604 (S.D. Miss. 2003) ("'Whatever may be the purpose of Rule 59(e), it should

not be supposed that it is intended to give an unhappy litigant one additional chance to sway the

judge.'"  (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990))).

    Irby and McFarlin's motion for new trial raises the same arguments that their responses

opposing the United States's motions for default judgment and to strike their answer raised.  The

only new material raised in this latest motion is an argument that service of notice of the underlying

forfeiture action under Rule G of the Supplemental Federal Rules of Civil Procedure violated

constitutional due process.  (Docket Entry No. 18, ¶¶ 24–43).  Irby and McFarlin have cited no

2

circumstances that would have prevented them from raising this argument earlier.  As the Fifth

Circuit stated in *Templet*, Rule 59(e) motions are "not the proper vehicle for rehashing evidence,

legal theories, or arguments that could have been offered or raised before the entry of judgment."

367 F.3d at 479.  Nor have Irby and McFarlin identified any manifest error in law or fact, or an

intervening change in the law, that would justify altering or amending the judgment.  *See Rosenblatt*,

607 F.3d at 419.  Rule 59(e) relief is thus inappropriate.

## II.    Rule 60

Irby and McFarlin also seek relief from the judgment under Rule 60(b)(6).  (Docket Entry

No. 18, ¶ 44).  Rule 60(b)(6), in addition to Rule 60(b)'s specifically enumerated grounds for relief,

allows courts to grant relief for "any other reason that justifies relief."  Irby and McFarlin offer two

reasons for setting aside the default judgment: (1) their lawyer's mistake in calendaring deadlines,

and (2) service upon their lawyer under Rule G(4)(b)(iii)(B) instead of upon them personally

violated the Due Process Clause.

Their first argument does not justify setting aside the default judgment. The Federal Rules

of Civil Procedure provide that "mistake, inadvertence, surprise, or excusable neglect" are grounds

for relief from a judgment.  FED. R. CIV. P. 60(b)(1).  This court explained in its order granting the

default judgment that "counsel's failure to calendar the deadline [to file claims and answers or

motions] is not excusable neglect.  (Docket Entry No. 15, at 3).   Because the professed mistake is

not excusable neglect, it does not justify relief from judgment.

Irby and McFarlin argue next that service on their attorney under Rule G does not comply

with constitutional due process.  (Docket Entry No. 18, ¶ 31).  In response, the Government has

submitted two exhibits: the contest-of-forfeiture forms Irby and McFarlin submitted to the Drug

Enforcement Administration in the original administrative-forfeiture proceedings.  (Docket Entry No. 20, Exs. A–B).  The forms that Irby and McFarlin each executed state, "For the purpose of notifying me of further proceedings, you may contact my attorney, Charles B. Frye, Attorney at Law, 808 Travis, Suite 808, Houston, Texas 77002."  (*Id.*)  Mr. Frye has represented the claimants through every pertinent stage of this case, both before and after the default.  (*See* Docket Entries No. 9, 11, 13, 18).  The Due Process Clause does not require that an interested party receive personal notice of proceedings; he is entitled only to notice that is reasonably calculated under all the circumstances to apprise a person of the pendency of the proceeding.  *Dusenbery v. United States*, 534 U.S. 161, 167–78 (2002) (citing *Mullane v. Cent. Hannover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Under the circumstances of this case, notice that complied with the claimants' instructions to serve their attorney was reasonably calculated to notify them of this civil-forfeiture action.  The due-process argument advanced by Irby and McFarlin does not warrant Rule 60(b)(6) relief.

## III.     Conclusion

The claimants' motion to set aside the default judgment and motion for a new trial is denied.

SIGNED on November 7, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

4